**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EMMANUELLA ARMAND, NERILENE BALLARD, CHARLINE BOUFIN-TEBEU, JAVIER CUMERMA, KEVIN KERRICK, and TOLULOPE ODUYEJO-WILLIAMS,**

**Plaintiffs,**

**v.** **Case No: 6:23-cv-103-PGB-EJK**

**LIFESTANCE HEALTH GROUP, INC.,**

**Defendant.**

**REPORT AND RECOMMENDATION**

This cause comes before the Court on Defendants' Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion to Dismiss"), filed June 30, 2023. (Doc. 28.) Plaintiffs responded in opposition on August 10, 2023. (Doc. 32.) The Motion to Dismiss has been referred to the undersigned for the issuance of a Report & Recommendation. Upon consideration, I respectfully recommend that the Motion to Dismiss be denied.

## I. BACKGROUND[1]

Plaintiffs, Emmanuella Armand, Nerilene Ballard, Charline Boufin-Tebeu, Javier Cumerma, Kevin Kerrick, and Tolulope Oduyejo-Williams, initiated this putative collective and class action lawsuit against LifeStance Health Group, Inc. ("LifeStance") pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219.[2]

According to the Amended Complaint, LifeStance is a mental healthcare company that provides in-person and virtual services in an outpatient setting to children and adults suffering from mental health issues. (Doc. 24 ¶¶ 9, 10.) Plaintiffs are, or were at one time, employed by LifeStance as clinicians who provided mental health clinical treatment or therapy. (*Id.* ¶ 8.) Plaintiffs allege that they routinely worked forty or more hours per week and received compensation at a rate of less than the federal minimum wage, and for some weeks, received no compensation at all. (*Id.* ¶¶ 60, 61, 66.) Instead, Plaintiffs allege that LifeStance treated all wages paid during a clinician's first six to twelve months of employment as a loan—referred to by LifeStance as an advance—that LifeStance expected Plaintiffs to repay if the person failed to satisfy performance metrics. (*Id.* ¶ 27.)

---

[1] The facts are derived from the Amended Complaint (Doc. 24), the well-pleaded allegations of which the Court must accept as true in ruling on the Motion to Dismiss. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] The Court notes that both LifeStance Health Group, Inc. and LifeStance Health, Inc. have moved to dismiss. (Doc. 28.) However, only LifeStance Health Group, Inc. is named as a defendant in the operative complaint. (Doc. 24.)

Plaintiffs allege three counts in their Amended Complaint. (Doc. 24.) Count I alleges a claim for unpaid minimum wages and overtime wages under the FLSA pursuant to §§ 206 and 207. (*Id.*) Count II alleges a claim for violation of 29 C.F.R. § 531.35, the FLSA's "anti-kickback" provision, because Plaintiffs' wages were not paid free and clear. (*Id.*) Finally, Count III seeks declaratory relief regarding LifeStance's payment practices. (*Id.*) Lifestance has moved to dismiss all three counts pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 28.)

## II. STANDARD

"A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's complaint." *Niles v. Denny's Inc.*, No. 6:16-cv-1000-Orl-40TBS, 2017 WL 11002285, at *2 (M.D. Fla. Feb. 21, 2017). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a pleading must include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions, and formulaic recitations of the elements of a cause of action are insufficient. *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Thus, a complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable

for the misconduct alleged." *Id*. (internal citation omitted). The Court is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. *Id.* In addition, all reasonable inferences should be drawn in favor of the plaintiff. *See Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1247 (11th Cir. 2003) (per curiam).

## III. DISCUSSION

### A. Count One

LifeStance first makes a fleeting argument that Plaintiffs were exempt from the FLSA's overtime and minimum wage provisions. (Doc. 28 at 9–10.) But LifeStance does not develop this argument after its brief mention, and therefore, the undersigned will not examine it further. *See U.S. Steel Corp. v. Astrue,* 495 F.3d 1272, 1287 n.13 (11th Cir. 2007) (noting that the court need not consider "perfunctory and underdeveloped" arguments and that such arguments are waived).

Rather, LifeStance's primary arguments are twofold. First, it asserts that Plaintiffs have failed to state a claim for unpaid wages under the FLSA because the Amended Complaint does not allege the amount and extent of Plaintiffs' work needed to establish a *prima facie* case of an FLSA violation. (Doc. 28 at 10.) LifeStance also asserts that Plaintiffs' attempt to plead this claim on a collective basis fails because they do not set forth sufficient allegations that other individuals are similarly situated to them. (*Id.*) The undersigned will address each argument in turn.

According to the Eleventh Circuit, "the requirements to state a claim of a FLSA violation are quite straightforward." *Sec'y of Labor v. Labbe*, 319 Fed. App'x 761, 763

(11th Cir. 2008) (unpublished).[3] "The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees and/or failure to keep payroll records in accordance with the Act." *Id.*; *see also Rance v. Rocksolid Granit USA, Inc.*, 292 Fed. App'x 1, 2 (11th Cir. 2008) (unpublished) (stating that to make out a prima facie case of an FLSA violation, a plaintiff must allege "as a matter of just and reasonable inference" the amount and extent of his work in order to demonstrate that he was inadequately compensated under FLSA." (internal quotation marks omitted)).

LifeStance argues that Plaintiffs have asserted only conclusory allegations that LifeStance failed to pay them minimum and overtime wages that were free and clear. (Doc. 28 at 10.) Plaintiffs respond that they have alleged sufficient facts to support their claims. (Doc. 32 at 7.) The undersigned agrees with Plaintiffs. Specifically, Plaintiffs have alleged that LifeStance refused to pay Plaintiffs minimum wages, overtime wages, and wages in general for one or more workweeks from January 2020 to present. (Doc. 24 ¶¶ 58, 114.) Plaintiffs often worked forty or more hours per week several times a month and went through pay periods where Plaintiffs did not receive any compensation for periods of one week, up to twelve weeks. (*Id.* ¶¶ 60, 61.) Therefore, Plaintiffs were deprived of earning at least the federal minimum wage for all hours worked, and LifeStance failed to pay them overtime wages where

[3] Pursuant to Eleventh Circuit Rule 36–2, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." *See also Bonilla v. Baker Concrete Const., Inc.,* 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

appropriate. (*Id.* ¶ 66.)

The undersigned finds these allegations sufficient to state a claim for failure to pay minimum wages and overtime wages. LifeStance relies in part on *St. Croix v. Genentech, Inc.*, wherein the court dismissed plaintiff's FLSA overtime claim as deficiently pleaded where plaintiff provided "no dates or date ranges during which she worked overtime or any other factual basis on which [the court could] make a 'just and reasonable inference' as to the amount and extent of her work." No. 8:12-CV-891-T-33EAJ, 2012 WL 2376668, at *2 (M.D. Fla. June 22, 2012). Here, Plaintiffs have pleaded that from January 2020, they worked for LifeStance without receiving the federal minimum wage or overtime wages for anywhere from one to twelve weeks. Further, Plaintiffs have extensively alleged the payment plan of advances they assert was in place at LifeStance and how they theorize that it violated the FLSA. Therefore, Plaintiffs have alleged sufficient facts to allow the Court to make a just and reasonable inference as to the amount and extent of their work in order to assess whether they were inadequately compensated under the FLSA.

Next, LifeStance asserts that Plaintiff's collective action allegations should be dismissed because Plaintiffs fail to allege how the LifeStance employees were similarly situated. (Doc. 28 at 11.) When alleging a collective action, "the Eleventh Circuit has directed that the employees should 'be "similarly situated" with respect to their job requirements and with regard to their pay provisions.'" *St. Croix*, 2012 WL 2376668, at *2 (quoting *Morgan v. Family Dollar Stores, Inc.,* 551 F.3d 1233, 1258 (11th Cir. 2008)). LifeStance asserts that Plaintiffs allege they will represent numerous LifeStance

employees with a variety of job titles, but LifeStance says Plaintiffs do not provide an adequate description of Plaintiffs' job duties, let alone the job duties of other individuals they seek to represent. (Doc. 28 at 11–12.)

Plaintiffs respond that the Amended Complaint contains allegations establishing that Plaintiffs were paid the same way and had similar job duties, which is sufficient for a collective action. (Doc. 32 at 8.) The undersigned agrees that the facts pleaded are sufficient. The Amended Complaint alleges that the putative members of the collective action would be "nonexempt psychiatric and mental health nurse practitioners and other nonphysician employees of LifeStance" who "provided mental health clinical services to LifeStance patients within the States of Florida" and who were paid on the "same pay scale and formula." (Doc. 24 ¶¶ 58, 66.) This is more than what the court found deficient in *St. Croix* and is sufficient at this point in the proceedings.

**B. Count Two**

Next, LifeStance argues that Count II fails to state a claim because Plaintiffs agreed to a written advance-on-compensation arrangement that is legal and has been endorsed by the U.S. Department of Labor. (Doc. 28 at 13.) Plaintiffs state that this misconstrues their pleading. (Doc. 32 at 10.) Pursuant to 29 C.F.R. § 531.35, "'wages' cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or 'free and clear.'" 29 C.F.R. § 531.35. To that end, "[t]he wage requirements of the Act will not be met where the employee 'kicks-back' directly or indirectly to the employer or to another

person for the employer's benefit the whole or part of the wage delivered to the employee." *Id.*

Plaintiffs allege that LifeStance routinely made illegal deductions to Plaintiffs' pay. LifeStance offered a high initial compensation package but Plaintiffs had to kick back these wages to LifeStance, resulting in weeks without pay, or not enough pay to satisfy the federal minimum wage. (Doc. 24 ¶¶ 122–126.) These factual allegations are enough to plead a violation of 29 C.F.R. § 531.35. LifeStance requests that the Court consider whether Plaintiffs' contractual payment arrangement was legal, but that determination is for a later stage of the proceedings.

**C. Count Three**

Lastly, LifeStance moves to dismiss Plaintiffs' claim for a declaratory judgment, brought pursuant to 28 U.S.C. § 2201(a). (Doc. 28 at 14–15.) Plaintiffs seek a declaratory judgment from the Court for the following:

> The advance that LifeStance uses to create indentured servitude is a violation of the 13th Amendment to the United States Constitution, thereby making it an illegal and unenforceable obligation.
>
> LifeStance cannot take any further action to seek to collect on its indenture as such action is unconstitutional and thus unenforceable.
>
> LifeStance must repay all Clinicians whatever portion of the indenture it has collected from them as of the date of the entry of final judgment in this action.

(Doc. 24 ¶ 129.)

LifeStance argues that the Court lacks subject matter jurisdiction to decide "what is effectively a state law contract dispute." (Doc. 28 at 15.) Plaintiffs argue that the Court has supplemental jurisdiction over Plaintiffs' claim for declaratory relief "to the extent that it involves any state law issues" (Doc. 32 at 16), and further, that the Amended Complaint sufficiently states a cause of action for declaratory relief (*id.* at 17).

The Declaratory Judgment Act grants to the federal courts the power to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). However, the Act does not, in and of itself, confer jurisdiction. *Stuart Weitzman, LLC v. Microcomputer Res., Inc.*, 542 F.3d 859, 861–62 (11th Cir. 2008), *abrogated on other grounds by Fastcase, Inc. v. Lawriter, LLC*, 907 F.3d 1335, 1340 (11th Cir. 2018). "As a result, a plaintiff who seeks relief under the Declaratory Judgment Act must invoke the court's subject matter jurisdiction by demonstrating that, absent the availability of declaratory relief, the instant case could nonetheless have been brought in federal court." *Hill Dermaceuticals, Inc. v. Anthem, Inc.*, 228 F. Supp. 3d 1292, 1299 (M.D. Fla. 2017) (Byron, J.) (internal quotation marks omitted).

> Because the role of plaintiff and defendant are essentially reversed in a declaratory judgment action, the plaintiff will satisfy this requirement (and therefore invoke the court's jurisdiction) by alleging sufficient factual material in its complaint indicating that the defendant could have brought a coercive action against the plaintiff to vindicate its rights, and that this action would lie within the court's original jurisdiction.

> Indeed, the entire purpose of the Declaratory Judgment Act is to provide a means for the plaintiff to precipitate a lawsuit which would otherwise wait until a cause of action accrued to the defendant.

*Id.*

Here, Plaintiffs have alleged facts that lead the Court to conclude that LifeStance could have instituted a lawsuit against Plaintiffs concerning "nonpayment of [the] indenture"—money allegedly owed back to LifeStance—created as a part of the employment relationship Plaintiffs had with their employer. (Doc. 24 ¶¶ 132, 136.) Thus, LifeStance ostensibly has a coercive cause of action it could have brought against Plaintiffs. Therefore, at this stage of the proceedings, Plaintiffs have alleged a plausible basis to pursue this claim.[4]

## IV. RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Defendants' Motion to Dismiss Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 28).

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written

[4] LifeStance also argues that Count III should be dismissed because it fails to state a plausible claim under the Thirteenth Amendment. (Doc. 32 at 17.) But this argument misapprehends Plaintiffs' claim for a declaratory judgment. Count III does not assert an affirmative cause of action under the Thirteenth Amendment.

objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on October 27, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE