# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

EMMANUELLA ARMAND,
NERILENE BALLARD,
CHARLINE BOUFIN-TEBEU,
JAVIER CUMERMA, KEVIN
KERRICK and TOLULOPE
ODUYEJO-WILLIAMS,

        **Plaintiffs,**

v.                                          Case No: 6:23-cv-103-PGB-EJK

LIFESTANCE HEALTH GROUP,
INC. and LIFESTANCE
HEALTH, INC.,

        **Defendants.**
_____/

## **ORDER**

      This cause comes before the Court on Defendants' Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 28 (the "**Motion**")) and Plaintiffs' Response (Doc. 32 (the "**Response**")) thereto. Magistrate Judge Embry J. Kidd issued a Report (Doc. 34 (the "**Report**")) recommending that the Court deny Defendants' Motion on all counts. Defendants timely filed their objections as to the Report's disposition of Count Two, Plaintiffs' claim under the Fair Labor Standards Act's ("**FLSA**") anti-kickback provision, 29 C.F.R. § 531.35. (Doc. 36 (the "**Objection**")). Upon consideration, the Court finds that Defendants' Objection is due to be overruled, and the Report is due to be adopted and confirmed.

**I.      BACKGROUND**

The procedural and factual background as set forth in the Report are hereby adopted and made a part of this Order. (*See* Doc. 34, pp. 2–3).

**II.     STANDARDS OF REVIEW**

**A.     Report and Recommendation**

When a party objects to a magistrate judge's findings, the district court must "make a *de novo* determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). However, "[f]rivolous, conclusive, or general objections need not be considered by the district court." *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (citation omitted). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. The district court must consider the record and factual issues independent of the magistrate judge's report, as *de novo* review is essential to the constitutionality of § 636. *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

**B.     Motion to Dismiss**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Thus, to survive a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The court must view the complaint in the light most favorable to the plaintiff and must resolve any doubts as to the sufficiency of the complaint in the plaintiff's favor. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam). However, though a complaint need not contain detailed factual allegations, pleading mere legal conclusions, or "a formulaic recitation of the elements of a cause of action," is not enough to satisfy the plausibility standard. *Twombly*, 550 U.S. at 555. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," and the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 679; *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

In sum, the court must: reject conclusory allegations, bald legal assertions, and formulaic recitations of the elements of a claim; accept well-pled factual allegations as true; and view well-pled allegations in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 678–79.

## III. DISCUSSION

In the Report, Magistrate Judge Kidd recommends that the Court deny Defendants' Motion. (Doc. 34, p. 10). Upon *de novo* review, and after considering Defendants' Objection, the Court agrees with the findings and conclusions in the Report.

Overall, Defendants' Objection centers on the Report's recommendation that the Court deny the Motion to Dismiss as to Count Two, Plaintiffs' claim under the Fair Labor Standards Act's ("**FLSA**") anti-kickback provision, 29 C.F.R. § 531.35. (*See generally* Doc. 36). For the reasons set forth below, Defendants' Objection does not identify an adequate basis for this Court to overrule the Report.

**A.      Employment Agreement Exhibit**

In the Objection, Defendants assert that the Court should "disregard plaintiffs' conclusory allegation . . . because it is contradicted by the clear employment agreement they signed and attached as an exhibit to their pleadings." (Doc. 36, p. 6).

Defendants base this assertion on Exhibit 1-1 (Doc 1-1 (the "**Exhibit**")) of the original Complaint, the Provider Employment Agreement. (Doc. 36 at pp. 4–5 (quoting Doc. 1-1, p. 5)). However, the original Complaint is no longer operative as it has been superseded by the Amended Complaint, which does not include the Exhibit. (Doc. 24); *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) ("As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" (citations omitted)). Consequently, the Court will not consider Defendants' objection centered on the Exhibit within the superseded Complaint.

4

**B.      Advance-on-Compensation Law**

In objecting to the "Report's complete disregard of controlling law," Defendants assert that "federal case law and Department of Labor guidance specifically state that an advance-on-compensation benefit does not violate the FLSA." (Doc. 36, pp. 1, 6–8).[1]

First, regarding the Department of Labor guidance—in each letter, the Department of Labor expressly states that "[t]his opinion is based exclusively on the facts and circumstances described in your request . . . [e]xistence of any other factual or historical background not contained in your request might require a different conclusion than the one expressed herein." (Doc. 28-1, pp. 53–57). As such, the weight of these letters depends on the facts and circumstances of the underlying requests. (*See id.*). For both letters, the underlying requests discuss employers *inadvertently* overpaying their employees. (*See id.* at p. 53 (responding to a request about a payroll department overpaying an employee because it had the employee "incorrectly listed as having a higher compensation rate"); *see id.* at p. 56 (responding to a request about an employer paying "for 75 hours of vacation one pay period when the employee in fact had only 32 hours available")).

---

[1]   The Court highlights that Defendants' representation of the cited authorities–specifically, the Department of Labor opinion letters and *Donovan v. 75 Truck Stop, Inc.*, No. 80-9-Civ-Oc, 1981 WL 2333 (M.D. Fla. July 20, 1981)–as "controlling" is misguided. (*See* Doc. 36, pp. 6, 8); *see Stein v. HHGREGG, Inc.*, 873 F.3d 523, 531–32 (6th Cir. 2017) ("We recognize that these interpretations of Department regulations are 'not "subject to the rigors of the Administrative Procedur[e] Act, including public notice and comment,"' and therefore are not controlling or entitled to deference under *Chevron* . . . ." (citation omitted)); s*ee Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants.").

5

Conversely, the Defendants here *advertently* overpaid their employees. (*See* Doc. 36, p. 4 ("LifeStance offered a benefit to help support the plaintiffs while they built up their practices."); *see also* Doc. 24, ¶¶ 27, 63). Consequently, considering the factual and circumstantial differences, the Court is not persuaded by the relevance of such letters to the case at hand.

Second, as to the case law, both cases detail that advances of compensation do not violate the FLSA's anti-kickback provision when they are "free and clear."[2] Here, Plaintiffs alleged that the wages, also referred to as the "advances," were not paid "free and clear." (*See* Doc. 24, ¶¶ 27, 36, 63, 106, 118–27). In drawing "all reasonable inferences in favor of the Plaintiff[s]," Magistrate Judge Kidd found–and the undersigned concurs–that "[t]hese factual allegations are enough to plead a violation of 29 C.F.R. § 531.35," which occurs when wages have not been paid "free and clear." (*See* Doc. 34, pp. 4, 7–8) (citation omitted). As such, in adopting the Report's finding that Plaintiffs' allegations suffice to show that the wages were

---

[2] *See Brennan v. Veterans Cleaning Serv., Inc.*, 482 F.2d 1362, 1369 (5th Cir. 1973) ("We agree with the district court that a similar rule should obtain for repayment by paycheck deductions of *free and clear* advances to employees . . . ." (emphasis added)); *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting as binding precedent all Fifth Circuit decisions prior to October 1, 1981; *see also Donovan*, 1981 WL 2333, at \*13 ("Second, the employer is permitted to require repayment of *free and clear* advances to the employee . . . a requirement that the employee repay the employer does not result in a reduction below minimum wage because the employee actually had *free and clear* use of the money he misappropriated or borrowed." (emphasis added) (citing *Brennan v. Veterans Cleaning Serv.*, 482 F.2d at 1369)).

6

not paid "free and clear," the case law pertaining to "free and clear" advances has little bearing on the Court's decision.[3]

Finally, the Court emphasizes the Report's finding that "whether Plaintiffs' contractual payment arrangement was legal" is a determination "for a later stage of the proceedings." (Doc. 34, p. 8).

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Objection (Doc. 36) to the Report is **OVERRULED**;

2. Magistrate Judge Kidd's Report and Recommendation (Doc. 34), filed on October 27, 2023, is **ADOPTED** and **CONFIRMED** and made a part of this Order; and

3. Defendants' Motion to Dismiss Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. 28) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on February 1, 2024.

---

[3] The Court acknowledges Defendants' general examples of "free and clear" wages within the Objection. (*See* Doc. 36, pp. 7–8). Nonetheless, Defendants fail to explain how these examples relate to Plaintiffs' allegations. (*See id.*). Instead, Defendants assert that the Court should set aside "plaintiffs' conclusory allegations and characterization" in light of the "controlling facts" on the "advance-on-compensation arrangement." (*Id.*). Considering Defendants fail to specify which "controlling facts" they refer to, the Court construes the assertion to pertain to the Exhibit based on Defendants' cited authority. (*See id.* at p. 8 ("[T]he controlling facts set forth in their pleadings reflect that . . . See Associated Builders [*, Inc. v. Ala. Power Co.*,], 505 F.2d [97][], 100 [5th Cir. 1974] (holding that where an exhibit to the pleadings 'reveals facts which foreclose recovery as a matter of law, dismissal is appropriate.').")). As explained herein in Section III.A, the Court will not consider arguments centered on an Exhibit within a superseded complaint. *See* discussion *supra* Section III.A.

7

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties